IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,** §<br>§<br>    Plaintiff, §<br>§<br>v. §<br>§<br>**ELIZABETH VALLES AND CHRIS VALLES.** §<br>§<br>    Defendants. § | CIVIL ACTION NO. 5:20-cv-00733 |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Mortgage Electronic Registration Systems, Inc. ("MERS" or "Plaintiff") hereby files its original complaint against Defendants Elizabeth Valles and Chris Valles (collectively, "Defendants").

### I.   PARTIES

1. Plaintiff is a corporation that is organized under the laws of the State of Delaware.

2. Defendant Elizabeth Valles is an individual who may be served with process at 11327 Luckey Ledge, San Antonio, Texas 78252 ("the Property").

3. Defendant, Chris Valles is an individual who also may be served with process at 11327 Luckey Ledge, San Antonio, Texas 78252.

### II.   JURISDICTION

4. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, excluding interest and costs.

5. The parties are diverse. Plaintiff is incorporated in Delaware and has its principal place of business in Virginia. Therefore, it is a citizen of Delaware and Virginia. Based on the

Bexar County Appraisal District records, Defendants are both domiciled in Texas and are, therefore, citizens of Texas.

6. The amount in controversy requirement is met. Plaintiff seeks a declaratory judgment that the lien releases at issue are void and the Deed of Trust lien is in full effect.[1] Therefore, the value of the Deed of Trust lien, i.e., the remaining balance on the loan which the Deed of Trust lien secures, establishes the amount in controversy. Upon information and belief, approximately $120,056.18 remains due and owing on the loan at issue.

### III. VENUE

7. Venue is proper in this district under 28 U.S.C. § 1391(b)(3) because the Property at issue is situated in this district.

### IV. FACTS

8. On or about July 2, 2013, Elizabeth Valles executed a promissory note (the "Note") in the amount of $136,632.00. The Note was secured by the Property as reflected in the deed of trust ("Deed of Trust"), which Defendants signed on the same day. *See* **Exhibit A:** Deed of Trust. The Deed of Trust was recorded in the Bexar County, Texas real property records as Document Number 2013139502.

9. The original lender and servicer was Guild Mortgage Company. Ownership and servicing of the loan subsequently transferred. Carrington Mortgage Holdings, LLC is the current servicer of the loan, and MERS is the current holder of the Deed of Trust lien.

10. On or about March 30, 2020, two releases of lien were prepared, executed, and

---

[1] *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *McDonald v. Deutsche Bank Nat'l Trust Co., as Trustee*, No. 3:11-cv-2691, 2011 WL 6396628, at *2 (N.D. Tex. Dec. 20, 2011) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983) ("In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the value of the object of the litigation.").

then recorded in the Bexar County, Texas real property records as Document Numbers 20200066534 and 20200066535, respectively. *See* **Exhibit B:** Lien Releases recorded as Document Numbers 20200066534 and 20200066535. These releases purportedly released the Deed of Trust lien on the Property. However, these releases were prepared, executed, and recorded in error and by mistake. Upon information and belief, approximately $120,056.18 remains due and owing on the loan—the loan has not been paid in full.

11.     Therefore, Plaintiff seeks a rescission of the erroneous releases of lien and a declaration that the Deed of Trust lien remains in full force and effect as a first priority lien on the Property as of the date it was originally recorded.

### V.     CAUSES OF ACTION – RESCISSION & DECLARATORY JUDGMENT

12.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

13.     Plaintiff seeks rescission of the releases of lien and a declaratory judgment under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202.

14.     The releases of lien were prepared, executed, and recorded by mistake and Plaintiff is equitably entitled to a rescission of the releases because the loan has not been paid in full. Plaintiff requests the Court declare (1) the releases of lien recorded on March 30, 2020 in the Bexar County, Texas real property records as Document Numbers 20200066534 and 20200066535, respectively, were prepared, executed, and recorded in error and by mistake; (2) the releases of lien are rescinded and void; and (3) the Deed of Trust lien recorded on July 8, 2013 in the Bexar County, Texas real property records as Document Number 2013139502 is of full force and effect as it was prior to the recording of the erroneous releases of lien because an amount remains due and owing on the loan secured by the Deed of Trust.

## VI.     PRAYER

15.     For these reasons, Plaintiff requests the Court enter a declaratory judgment in Plaintiff's favor as requested above and grant all further relief to which Plaintiff is justly entitled.

Respectfully submitted

By: */s/ Valerie Henderson*
**Valerie Henderson**
Texas Bar No. 24078655
**Melissa Vest**
Texas Bar No. 24096002
**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**
1301 McKinney Street, Suite 3700
Houston, Texas 77010
(713) 650-9700 - Telephone
(713) 650-9701 - Facsimile
vhenderson@bakerdonelson.com
mvest@bakerdonelson.com

**ATTORNEYS FOR PLAINTIFF**